IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN WILSON,                        )
                                     )
            Plaintiff,               )
                                     )   CIVIL ACTION
v.                                   )
                                     )   No. 09-2354-JAR-GBC
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
            Defendant.               )
_____)

REPORT AND RECOMMENDATION

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding error in the ALJ's evaluation of the medical opinions, the court recommends the Commissioner's decision be REVERSED and judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings.

I.  Background

Plaintiff applied for DIB and SSI on August 29, 2007 alleging disability since July 11, 2007.  (R. 10, 87-98).  The applications were denied initially and upon reconsideration, and

plaintiff requested a hearing before an administrative law judge (ALJ). (R. 10, 37-40, 53). Plaintiff's request was granted, and plaintiff appeared with counsel for a video hearing before ALJ George M. Bock on January 21, 2009. (R. 10). At the hearing testimony was taken from plaintiff and from a vocational expert. (R. 10, 18-36).

The ALJ issued a decision on March 3, 2009, finding that plaintiff has severe impairments which prevent him from performing his past relevant work, but that he has the capacity to perform other jobs that exist in the economy in significant numbers. (R. 10-17). Therefore, the ALJ concluded that plaintiff is not disabled within the meaning of the Act, and denied his applications. (R. 17). Plaintiff sought, but was denied review of the ALJ's decision. (R. 1-4). Therefore, the ALJ's decision is the Commissioner's final decision. Id. at 1; Blea v. Barnhart, 466 F.3d 903, 908 (10th Cir. 2006).

## II. Legal Standard

The court's review is guided by the Act. 42 U.S.C. §§ 405(g), 1383(c)(3). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); White v.

Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004); Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). The determination of whether substantial evidence supports the Commissioner's decision, however, is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d). The claimant's impairments must be of such severity that he is not only unable to perform his past relevant work, but cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy. Id.

The Commissioner uses a five-step sequential process to evaluate whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920 (2008); Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004); Ray, 865 F.2d at 224. "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has severe impairments, and whether the severity of his impairments meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Id. at 750-51. If plaintiff's impairments do not meet or equal the severity of a listing, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 416.920. This assessment is used at both step four and step five of the sequential process. Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five--whether the claimant can perform his past relevant work, and whether, when considering vocational factors (the claimant's age, education, and past work experience), he is able to perform other work in the economy. Williams, 844 F.2d at 751. In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant

work.  Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.  At step five, the burden shifts to the Commissioner to show jobs in the national economy within plaintiff's capacity.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims the ALJ erred in weighing the medical opinions, made numerous misstatements and erroneous statements regarding the record, and "cherry picked" the evidence in support of his decision while ignoring evidence supportive of plaintiff's allegations.  The Commissioner argues, on the other hand, that the ALJ properly characterized the evidence, properly found plaintiff's allegations regarding his symptoms not credible, and properly evaluated the medical opinions of record.  The court finds the ALJ's treatment of Dr. Gamble's medical opinion dispositive of judicial review in this case, remands for a proper evaluation of the medical opinions, and declines to address plaintiff's remaining arguments.

**III. Evaluation of the Medical Opinions**

With regard to the medical opinions, plaintiff claims the ALJ:  ignored the opinions of Dr. Galate who provided physical therapy treatment for plaintiff; ignored a portion of the opinion of treating physician, Dr. Poppa; stated that he accorded "great weight" to the opinion of treating physician Dr. Gamble, but did not explain why his RFC assessment for light work was different

than Dr. Gamble's restriction to lifting only fifteen pounds; and erroneously rejected the opinion of treating physician Dr. Baig. The Commissioner argues: that although the ALJ did not specifically mention Dr. Galate's opinions, the opinion is consistent with the RFC assessed by the ALJ; that the ALJ properly evaluated Dr. Poppa's opinion and gave it "great weight;" that Dr. Gamble's restriction to lifting fifteen pounds was merely a temporary limitation that was increased by Dr. Galate to twenty pounds following physical therapy; and that the ALJ properly discounted the opinion of Dr. Baig.

Plaintiff's briefs rely upon an overly technical view of the legal standards to be applied in Social Security disability determinations, and upon a nit-picking reading of the decision in this case. With the exception of his arguments relating to Dr. Gamble's opinion, the Commissioner's brief reflects a fair reading of the ALJ's decision, and the rationale and record evidence upon which it is based. Nonetheless, the court need not address these matters specifically because it finds that the ALJ erred in evaluating the opinion of Dr. Gamble, and the case must be remanded for a proper evaluation of the medical opinions.

In his decision, the ALJ noted plaintiff was treated by Dr. Gamble for neck and back pain. (R. 13). He summarized Dr. Gamble's opinion: "Dr. Gamble indicated that the claimant could do light duty work and should do no heavy lifting above 15 pounds

on October 2, 2007 and March 26, 2008." (R. 13)(citing Exs. 3F, 11F). This summary is supported by evidence in Dr. Gamble's treatment notes. (R. 229)(August 29, 2007, "Continue Light duty"); (R. 226)(October 2, 2007, "No Lifting 0 to 15 #"); (R. 274)(March 26, 2008, "No heavy lifting above 15 #"). Later in the decision, the ALJ stated, "Most doctors of record, including . . . Dr. Gamble indicate that the claimant can do light work, which is what he has been doing until April 2008." (R. 15). The ALJ gave "great weight" to Dr. Gamble's opinion. Id. Nonetheless, in his RFC assessment, the ALJ found that plaintiff is able "to lift and carry 10 pounds frequently and 20 pounds occasionally." (R. 14). The assessment that plaintiff can lift and carry twenty pounds occasionally is at odds with Dr. Gamble's restriction to lifting only fifteen pounds. However, although the ALJ acknowledges that Dr. Gamble restricted plaintiff to lifting only fifteen pounds, he did not reconcile the conflict within his decision.

An ALJ must consider all medical opinions, and where a treating physician's "opinion on the issue(s) of <u>the nature and severity of [the claimant's] impairment(s)</u> [(1)] is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [claimant's] case record, [the Commissioner] will give it controlling weight." 20 C.F.R.

-7-

§§ 404.1527(d)(2), 416.927(d)(2)(emphasis added); see also, Soc. Sec. Ruling (SSR) 96-2p, West's Soc. Sec. Reporting Serv., Rulings 111-15 (Supp. 2009). The Tenth Circuit has explained that an ALJ must first evaluate a treating physician's opinion and determine if it is worthy of controlling weight. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003). Even if the opinion is not given controlling weight, it is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." Watkins, 350 F.3d at 1300.

Dr. Gamble is a treating physician, and although the ALJ did not give his opinion controlling weight, he stated he gave it "great weight." However, Dr. Gamble's opinion, even as summarized by the ALJ, is not consistent with the RFC assessed by the ALJ. Where an ALJ's RFC assessment conflicts with a medical source opinion, the ALJ must explain why he did not adopt the opinion. SSR 96-8p, West's Soc. Sec. Reporting Serv., Rulings 143, 150 (Supp. 2009). SSR 96-8p provides that the narrative discussion of an RFC assessment must include an explanation how any ambiguities and material inconsistencies in the evidence were considered and resolved. Id. at 149. Here, the decision does not explain how the ALJ resolved the inconsistency between the RFC assessed and Dr. Gamble's limitation to lifting fifteen pounds, even though he gave Dr. Gamble's opinion "great weight." This is an ambiguity requiring remand for a proper explanation.

-8-

The Commissioner attempts to overcome the apparent inconsistency by arguing that "Dr. Gamble's lifting restriction was only a temporary restriction." (Comm'r Br. 19). The Commissioner points to the medical evidence, and argues that Dr. Gamble's lifting restrictions varied during the period from plaintiff's back injury in August, 2007 through April 2008 when Dr. Gamble dropped the lifting restriction and referred plaintiff to Dr. Galate for physical therapy, and Dr. Gamble never stated a lifting restriction thereafter. Id.(citing (R. 226, 270-75, 277)). He notes that Dr. Galate assigned a lifting restriction of twenty pounds, assumes Dr. Gamble deferred to Dr. Galate's lifting restriction beginning in April 2008, and argues, "Therefore, Dr. Gamble's treatment notes show that his lifting restriction was a temporary limitation that Dr. Galate increased to 20 pounds following physical therapy." Id.

There is some merit in the Commissioner's argument. However, the rationale presented in the Commissioner's brief is not that of the ALJ. The ALJ did not even acknowledge that there is an inconsistency between the RFC assessment and Dr. Gamble's opinion, or that there is an inconsistency between his determination to accord "great weight" to Dr. Gamble's opinion and his determination that plaintiff is able to lift up to twenty pounds occasionally. An ALJ's decision should be evaluated based solely on the reasons stated in the decision. Robinson v.

Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). A decision cannot be affirmed on the basis of appellate counsel's post hoc rationalization for agency action. Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985). And, a reviewing court may not create post-hoc rationalization to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

Moreover, the ambiguity in the decision is increased when one considers the ALJ's discussion of Dr. Gamble's opinion. He summarized Dr. Gamble's opinion that plaintiff can do "light duty work" (R. 13), and stated that Dr. Gamble indicated plaintiff can do "light work." (R. 15). The court found only one reference in Dr. Gamble's treatment notes to the level of work of which plaintiff is capable. On August 29, 2007 Dr. Gamble noted that plaintiff was to "Continue Light duty." (R. 229). While this statement might fairly be characterized as meaning that plaintiff can do "light duty work," it is not fair to state unequivocally that Dr. Gamble is of the opinion that plaintiff can do "light work" within the meaning of the Act, the regulations, or the Dictionary of Occupational Titles. Yet, that is precisely what the ALJ has done--without addressing the ambiguity presented, and without addressing Dr. Gamble's restriction to lifting only fifteen pounds. Dr. Gamble's limitation to fifteen pounds would

tend to indicate that he is not of the opinion that plaintiff can perform "light work" as the term is defined for purposes of disability determination.

The case must be remanded for the Commissioner to address these ambiguities, and to explain the weight accorded Dr. Gamble's opinion.  Plaintiff may make his arguments regarding the other treating physicians' opinions on remand.  The court finds it unnecessary to address plaintiff's arguments regarding misstatement of the facts and "cherry picking" of the evidence, and plaintiff may make those arguments on remand.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be REVERSED and that judgment be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within fourteen days after being served with a copy.  Failure to timely file objections with the court will be deemed a waiver of appellate review. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated this <u>31st</u> day of March 2010, at Wichita, Kansas.

<u>s:/   Gerald B. Cohn</u>
**GERALD B. COHN**
**United States Magistrate Judge**